IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE JOSEPH WILLIAMS,
  DC #033553
          Petitioner,

v.                                               Case No.  4:08cv116/SPM/MD

WALTER MCNEIL,
          Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed
pursuant to 28 U.S.C. § 2254.  (Doc. 7).  Respondent filed an answer, submitting
relevant portions of the state court record.  (Doc. 17).  Petitioner has responded.
(Doc. 19).  The matter is referred to the undersigned magistrate judge for report and
recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After
careful consideration of all issues raised by petitioner, it is the opinion of the
undersigned that no evidentiary hearing is required for the disposition of this matter,
Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the
undersigned that the pleadings and attachments before the court show that
petitioner's claims are not cognizable on federal habeas and are in any event
procedurally defaulted.  Therefore, the petition should be denied.


## BACKGROUND AND PROCEDURAL HISTORY

On October 9, 2002, petitioner was charged by amended information filed in
the Circuit Court of Gadsden County, Florida, case number 02-590, with Battery,
Aggravated Assault with a Deadly Weapon, and Possession of a Firearm by a
Convicted Felon.  (Doc. 17, p. 33).  On April 22, 2003, he was convicted upon jury

verdict of Possession of a Firearm by a Convicted Felon, and sentenced as an habitual offender to 120 months imprisonment with a three year minimum mandatory. (Doc. 7, p. 1; Doc. 17, Ex. A, pp. 34-39). Petitioner was fingerprinted at that time. (Doc. 17, p. 35).[1]  The fingerprints are attached to the Judgment and Sentence. (*Id.*). Petitioner's conviction and sentence were affirmed on direct appeal on August 24, 2005 without written opinion. *Williams* v. *State*, 909 So.2d 867 (Fla. 1st DCA 2005) (Table).

On December 18, 2006, petitioner filed an informal grievance with the institution, claiming that the DOC did not properly identify him as the defendant in case number 02-590. (Ex. B, p. 1).   The grievance was denied on December 19, 2006. (*Id.*). On December 22, 2006, petitioner filed a formal grievance reiterating the same issue. (*Id.*, p. 2). He stated, "I am not charged with counts 1, 2, and 3 in case no. 02-00590CF, because my birth date is 5/21/48; my SSN is; 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; my date of birth is not 05/02/1948; my SSN is not 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. Wrongful identity. I would like to be released at once." (*Id.*). The grievance was denied on December 26, 2006. (*Id.*, p. 3). On January 5, 2007, petitioner submitted an administrative appeal to the Office of the Secretary. (*Id.*, pp. 4-5). The response filed on February 9, 2007 emphasized:

> The Department does not use social security numbers to identify incarcerated inmates.  At the time of conviction you were convicted then fingerprinted confirming your identity.  Once you were received at the reception center your digitalized fingerprints were transmitted to the Florida Department of Law Enforcement who confirmed your identity as the same person who was fingerprinted at the time of conviction. Your identity was confirmed within hours of being received into our custody.  Based on the foregoing, your appeal is approved.

(*Id.*, p. 6).

On August 30, 2007, petitioner filed a state petition for writ of habeas corpus in the Liberty County Circuit Court, raising two issues:  (1) that the prior criminal records of another individual with a similar name were used to compute his sentencing guideline scoresheet, and (2) that he was improperly identified by the DOC as the offender sentenced in Gadsden County case number 02-590. (Ex. A, pp.

---

[1] Hereafter, all references to exhibits are to those attached to Doc. 17, unless otherwise noted.

1-22).  On November 15, 2007, the state court denied relief.  (*Id.*, pp. 49-51).  As to the second claim, the issue presented in this federal habeas proceeding, the state court stated:

> [T]he Department has correctly identified Petitioner as the offender sentenced in Gadsden County case number 02-590.  Upon Petitioner's entry into custody, he was identified via the Florida Department of Law Enforcement Automated Fingerprint Identification System, utilizing the Live Scan machines and automated Rap sheet at the Reception & Medical Center on April 23, 2003.

(*Id.*, p. 51).

Petitioner initiated this federal habeas corpus proceeding on March 11, 2008. (Doc. 1, p. 6).  His amended petition was filed on April 11, 2008.  (Doc. 7, p. 1).  The amended petition presents the following grounds for relief:

1.     "Wrong DOB Wrong Social Security on Information Sheet from Dept. of Corrections." and

2.     "Different Record and Social Security Number & D.O.B./Same Name."

(*Id.*, p. 4).  Petitioner identifies the facts supporting Ground 1 as follows:  "Florida Dept of Correction Website showing picture of me and wrong D.O.B., wrong Social Security #, Misplaced Charges."  (*Id.*).  He identifies the facts supporting Ground 2 as follows:  "Inmate Population Information Detail.  No Proof of Arrest on September 7, 2002 on Willie Joseph Williams and No Fingerprint Card Received with F.D.L.E. on Count I, II, III on Case #02-00590CFA."  (*Id.*).  As relief, petitioner seeks:  "Emergency release based on the fact that I am being held on someone else's identity and has led to a misdiagnosed medical condition, and now have serious medical condition." (*Id.*, p. 6).

Respondent argues that petitioner's claims do not state a basis for federal habeas relief because they do not allege a violation of the Constitution or any Federal law.  In the alternative, respondent argues that petitioner procedurally defaulted his claims; therefore, federal habeas review is unavailable.  (Doc. 17).

In his response, petitioner concedes that respondent is correct on all points. (Doc. 19).  Petitioner merely requests that instead of dismissing his petition with prejudice, the court dismiss it without prejudice "to allow Petitioner an opportunity

to fully investigate his claim(s), gather appropriate evidence, and return to the State Courts to pursue relief."  (*Id.*, p. 2).


## DISCUSSION

Whether petitioner's claims state a basis for federal habeas relief

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  *See also Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Barclay v. Florida*, 463 U.S. 939, 958-659, 103 S.Ct. 3418, 3429, 77 L.Ed.2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983).

In the instant case, petitioner's contention that certain DOC records contain errors concerning his birth date or other data does not state a violation of the Constitution or any Federal law.  Thus, such a claim is not cognizable on federal habeas review.  However, even if petitioner's claims are broadly construed as alleging a due process violation (that an error in identifying him has resulted in his illegal confinement in violation of his Federal constitutional rights), his claims are due to be dismissed on the grounds of procedural default.

Exhaustion and procedural default

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct'

---

[2]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999).

An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review.  *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999).  This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to

---

pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)  the applicant has exhausted the remedies available in the courts of the State; or

(B) (i)  there is an absence of available State corrective process; or

(ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303.  In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question.  *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989).

Under Florida law, a prisoner may seek judicial review of a final administrative decision by filing a petition for an extraordinary writ in the appropriate state circuit court.  FLA. R. APP. P. 9.030(c), 9.100.  If the prisoner alleges that he is entitled to immediate release, the proper remedy is habeas corpus.  *See Stovall v. Cooper*, 860 So.2d 5, 7 (Fla. 2d DCA 2003).  Although district courts of appeal and the Florida Supreme Court share original writ jurisdiction, unless exceptional circumstances exist the extraordinary writs must first be filed in the circuit court forum.  *See Harvard v. Singletary*, 733 So.2d 1020 (Fla. 1999); *Hansen v. Florida Parole & Probation Comm'n.*, 436 So.2d 349 (Fla. 1st DCA 1983).  Because the circuit court's review is appellate in nature, review of the circuit court decision may be secured only through a writ of certiorari filed in the appropriate state district court of appeal. FLA. R. APP. P. 9.030(b)(2)(B). Florida Rule of Appellate Procedure 9.100(c)(1) requires that the petition be filed within 30 days of rendition of the order being reviewed. Once the district court of appeal denies relief, an inmate has exhausted his state court remedies.  *See* PHILLIP PADOVANO, FLORIDA APPELLATE PRACTICE § 23.12, at 409 (2003 ed.). ("Secondary review of circuit court appellate decisions in administrative proceedings is limited to the filing of a petition for writ of certiorari in the district court of appeal.").

In the instant case, respondent contends, and petitioner concedes, that the claims presented here are procedurally defaulted because petitioner did not seek certiorari review in the First District Court of Appeal, and he would be procedurally barred from returning to state court to do so.  (Doc. 17, pp. 4-8; Doc. 19).  The record supports this conclusion.  This court is therefore barred from reviewing petitioner's claims unless he overcomes the procedural bar by showing cause and prejudice or a fundamental miscarriage of justice.  *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir.

1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991).  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

Petitioner has made none of the requisite showings to excuse his default.  He has not alleged cause for his default.  Moreover, petitioner has presented no new evidence of his factual innocence of the crime for which he is presently incarcerated.  Therefore, the court will not review his claims on the merits.

## CONCLUSION

Liberally construing petitioner's claims as raising a constitutional challenge to his present confinement, federal habeas review is unavailable because petitioner procedurally defaulted his claims.  Although petitioner requests that his petition be dismissed without prejudice, such disposition is inappropriate given that his claims are not merely unexhausted, but procedurally defaulted.

Accordingly, it is respectfully RECOMMENDED:

That the amended petition for writ of habeas corpus (doc. 7) challenging the conviction and sentence in *State of Florida v. Willie J. Williams*, in the Circuit Court of Gadsden County, Florida, case number 02-590, be DENIED, and the clerk be directed to close the file.

At Pensacola, Florida this 9th day of January, 2009.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).